UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| NATIONAL TRUST INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: |
| SOUTHERN HEATING AND COOLING, INC., STEVEN HOGE As Personal Representative of the Estate of BILLY CARL HOGE, Deceased, and as Personal Representative of the Estate of MARY ELLEN HAMMON HOGE, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff, National Trust Insurance Company, and files this Complaint for Declaratory Judgment as follows:

**Parties to the Declaratory Judgment Action:**

1.    Plaintiff, National Trust Insurance Company (hereinafter "NTIC") is an insurance company organized under the laws of the State of Indiana, with its principal place of business located in Sarasota, Florida, and is authorized to do business in the State of Alabama.

2. Defendant, Southern Heating and Cooling, Inc. is an Alabama corporation organized under the laws of the State of Alabama, with its principal place of business located in Jackson County, Alabama.

3. Defendant, Steven Hoge, as personal representative of the Estate of Billy Carl Hoge, deceased, and as personal representative of the Estate of Mary Ellen Hammon Hoge (hereinafter "Steven Hoge") is an individual and is a resident citizen of the State of Alabama.

## The Underlying Tort Action:

4. Steven Hoge filed a wrongful death lawsuit against Southern Heating & Cooling, Inc. with civil action no. 2019-900036 in the Circuit Court of Dekalb County, Alabama concerning an accident that occurred on or about January 6, 2018.

5. In the underlying tort action, Steven Hoge claims Southern Heating & Cooling, Inc. negligently and/or wantonly performed service and/or repairs on the HVAC system located at the home of Billy and Mary Hoge, thereby resulting in the release carbon monoxide gas, which in turn caused the death of Billy and Mary Hoge. Steven Hoge claims punitive damages as the result of the alleged wrongful death of Billy and Mary Hoge.

6. At all times relevant to the claims asserted in the underlying action, Southern Heating and Cooling, Inc. was insured for commercial general liability

insurance coverage through a policy of insurance, policy number CPP0012844 7 issued by the Plaintiff, NTIC, with a policy period November 15, 2017 to November 15, 2018.

## Jurisdiction:

7. NTIC brings this declaratory judgment action pursuant to the provisions of 28 U.S.C. § 2201 to determine the rights and duties of the parties.

8. An actual justiciable controversy between NTIC and the Defendants exists within the meaning of 28 U.S.C. § 2201 regarding whether NTIC has a duty to defend or indemnify Southern Heating and Cooling, Inc. with respect to the claims asserted by Steven Hoge in the underlying tort action filed in the Circuit Court of Dekalb County, Alabama with Civil Action Number 2019-900036.

9. NTIC is an insurance company organized under the laws of the State of Indiana, with its principal place of business located in the State of Florida and it is authorized to do business in the State of Alabama.

10. Defendant Southern Heating and Cooling, Inc. is an Alabama corporation formed in Alabama.

11. Defendant Steven Hoge is a resident citizen of the State of Alabama.

12. The underlying insurance policy was contracted for either in Jackson County, Alabama or Madison County, Alabama, both of which are in the Northern District of Alabama, Northeastern Division.

13. "The District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. 1332(a)(1); *see also Collins v. Novartis Pharms. Corp.*, 2015 WL 178157 (M.D. Ala. Jan. 14, 2015).

14. This Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. §1332 and 28 U.S.C. §1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

15. Diversity jurisdiction requires that the plaintiff be a citizen of a state different from that of any of the defendants. *Bel-Bel Int'l Corp. v. Community Bank,* 162 F.3d 1101, 1106 (11th Cir. 1998). For purposes of diversity jurisdiction, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . .". *Bel-Bel Int'l Corp. v. Community Bank,* 162 F.3d 1101, 1106 (11th Cir. 1998).

16. Complete diversity exists because NTIC is an Indiana Company and all Defendants to the declaratory judgment action are resident citizens of Alabama.

17. NTIC insures Southern Heating & Cooling, Inc. under a policy with limits of $1,000,000.00 per occurrence.

18. In the underlying tort action, Steven Hoge is claiming punitive damages for the wrongful death of Billy and Mary Hoge, which he contends is the

result of the negligence and/or wantonness of Southern Heating and Cooling, Inc., as well as the alleged wrongful conduct of other named defendants.

19. "[I]n the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).

20. The *Lowery* court held that unspecified damages in a complaint and a defendant's bare assertions in a removal do not satisfy the "preponderance of the evidence burden." *See id* at 1210–11.

21. Notwithstanding *Lowery*, a wrongful death action brought under Alabama law satisfies the amount in controversy. *See Roe v. Micheline North America, Inc.,* 637 F.Supp.2d 995 (M.D. Ala. 2009). The *Roe* court explicitly found that a wrongful death action filed under Alabama law satisfies the amount in controversy requirement despite the requirements of *Lowery*. *Id.* (*stating* "judicial experience and common sense" should be employed when determining whether a Complaint satisfies the amount in controversy requirement and *finding* that damages in a wrongful death case in Alabama, which are intended to punish the wrongdoer, necessarily satisfy the jurisdictional threshold).

22. A court may ascertain from the face of the Complaint alleging wrongful death that the amount of controversy exceeds $75,000.00. *Butler v. Charter Communications, Inc.,* 755 F.Supp.2d 1192 (M.D. Ala. 2010).

23. Therefore, this Court has jurisdiction over the claims asserted in this matter under 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

### The National Trust Insurance Company Policy:

24. NTIC provided an insurance policy with policy number CPP00128447 to Southern Heating & Cooling, Inc. with a policy period of November 15, 2017 to November 15, 2018 with a $1,000,000.00 per occurrence limit.

25. The aforementioned policy of insurance issued to Southern Heating & Cooling contains the following provisions:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

A. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or

"property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

The policy contains the following exclusion from coverage:

**2.   Exclusions**

…

**f.  Pollution**

**(1)**   "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge. Dispersal, seepage, migration, release or escape of "pollutants":

26.   However, the commercial general liability policy issued by National Trust Insurance Company is modified by endorsement CG21651204, which reads as follows:

**TOTAL POLLUTION EXCLUSION WITH A BUILDING HEATING, COOLING AND DEHUMIDIFYING EQUIPMENT EXCEPTION AND A HOSTILE FIRE EXCEPTION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**Exclusion f.** Under paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability.** Is replaced by the following:

This insurance does not apply to:

  **f.**  **Pollution.**

    **(1)** "Bodily injury" or "property damage" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, disbursal, seepage, migration, release or escape of "pollutants" at any time.

**SECTION V – DEFINITIONS**

  **15.** **"Pollutants"** mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

<b><u>Hoge's Averments in Underlying Complaint:</u></b>

  27. In the underlying action, Steven Hoge alleges that Southern Heating and Cooling, Inc., through its agents and representatives, designed, installed and performed service and/or maintenance on the HVAC system located in the home of Billy and Mary Hoge prior to January 6, 2018. More specifically, it is alleged that the service and/or other work performed by Southern Heating and Cooling, Inc. was performed negligently and/or wantonly thereby resulting in the discharge of carbon monoxide gas into the home of Billy and Mary Hoge, thereby resulting in their death. In other words, Steven Hoge alleges that the work performed by Southern Heating and Cooling, Inc. in the home of Billy and Mary Hoge resulted

in the discharge of carbon monoxide gas, which was in turn inhaled and/or ingested by Billy and Mary Hoge thereby resulting in their death.

28. Based upon present information and belief, a representative of Southern Heating and Cooling, Inc. was present in the Hoge's home on or about January 2, 2018 (as well as on other prior occasions) performing a service call based on a complaint by the Hoges that their HVAC unit was leaking waterIt is alleged by Hoge that, the Southern Heating and Cooling, Inc. representative identified a crack in the heat exchanger for the furnace located in the Hoge's home, and offered to provide the Hoges with a quote for either replacing the heat exchanger or replacing the entire furnace unit. It is believed that the Hoges advised that they would obtain other quotes and did not agree to have the work performed by Southern. Thereafter the Hoges were found deceased in their home, and the cause of death was determined to be carbon monoxide poisoning. The complaint filed by Steven Hoge states a cause of action for the alleged wrongful death of the Hoges and makes the following specific allegations:

> 94. Because of the misalignment of the burner assembly and previous adjustment of the manifold pressure, the fire in the Furnace did not burn in the proper location within the Furnace or at the correct pressure. The furnace was not sufficiently ventilated and generated excessive amounts of carbon monoxide.
>
> 95. Excessive amounts of carbon monoxide passed through the vent pipe and were directed to the ground near the Hoge's crawl space. Because of the improper positioning of the vent pipe, large amounts of carbon monoxide furthermore accumulated in the crawl space in the

Hoges' home, and that carbon monoxide entered the living space in the Hoges' home.

96. Over the course of the night, carbon monoxide accumulated inside the Hoge's house. Mr. and Mrs. Hoge inhaled the carbon monoxide.

…98. When Plaintiff entered the Hoges' home, he was immediately overtaken by a smell which he associated with the gas furnace.

99. Plaintiff then rushed to a bedroom in the Hodge's home where he discovered the bodies of Mr. and Mrs. Hoge.

…101. After the Hoge's residence had been ventilated for several minutes, elevated levels of carbon monoxide were still detected inside the Hoge's residence, with even higher levels of carbon monoxide in the crawl space.

102. Postmortem blood tests confirmed that Mr. and Mrs. Hoge had high levels of carboxyhemoglobin-a chemical formed when hemoglobin combines with carbon monoxide rather than oxygen. Amendments to Mr. and Mrs. Hoges' death certificates listed carbon monoxide poisoning as their cause of death.

### NTIC's Averments

29. NTIC avers that the commercial general liability insurance policy issued by it to Southern Heating and Cooling, Inc. does not provide coverage for the claims asserted in the underlying action filed by Steven Hoge. The claims asserted by him are specifically excluded from coverage based upon the total pollution exclusion, as the deaths of Billy and Mary Hoge, as alleged by Steven Hoge, "would not have occurred in whole or in part but for the" release of carbon

monoxide, a pollutant. These events leading to the death of Billy and Mary Hoge are specifically excluded from coverage under the total pollution exclusion made part of the policy by endorsement.

30.     Based upon the foregoing, NTIC avers that it has no duty to indemnify or defend Southern Heating and Cooling, Inc. for the claims and allegations asserted in the underlying action.

WHEREFORE, PREMISES CONSIDERED, NTIC seeks the following relief:

A.     That this Honorable Court take jurisdiction of this case.

B.     That the Court order, adjudge and decree that this is a proper cause for an action of declaratory judgment in that there is a bonafide controversy between the parties as to their legal rights, duties, status and liabilities.

C.     That the Court declares NTIC has no duty to defend Southern Heating and Cooling, Inc. in the underlying tort action.

D.     That the Court declares NTIC has no duty to indemnify Southern Heating and Cooling, Inc. in the underlying tort action.

E.     That the Court grant NTIC such other further and different general relief to which it may be entitled.

Respectfully submitted,

*/s/Patrick W. Franklin*
PATRICK W. FRANKLIN (FRA 051)
*/s/ Stephen D. Christie*
STEPHEN D. CHRISTIE (CHR016)
*Attorneys for the Plaintiff,*
*National Trust Insurance Company*

**OF COUNSEL:**
MILLER, CHRISTIE & KINNEY, P.C.
NaphCare Building
2090 Columbiana Road, Suite 3400
Vestavia Hills, AL 35216
(205) 326-0000 │ 323-2945 *fax*
schristie@mck-law.com
pfranklin@mck-law.com

**Please Serve Defendants by Certified Mail:**

**Southern Heating and Cooling, Inc.**
c/o Anthony A. Kaschak
610 E. Laurel Street
Scottsboro, AL 35768

**Steven Hoge**
5114 Greenhill Boulevard NW
Fort Payne, AL 35968-3009