UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| NATIONAL TRUST INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 5:19-cv-00268-LCB |
| v. | ) ) |
| SOUTHERN HEATING & COOLING, INC., et al., | ) ) ) |
| Defendants. | |

**MEMORANDUM OPINION**

This case is before the Court on Plaintiff's motion to abstain. (Doc. 10). This case evolved from a wrongful death action filed in the Circuit Court of DeKalb County on February 4, 2019, by Steven Hoge (as personal representative of the estates of his deceased parents, Carl and Mary Hoge) against Southern Heating & Cooling, Inc. ("Southern"), Mountain Air, LLC, Mike Crawford d/b/a Mountain Air Heating and Cooling, Tri-State Propane Gas, Inc., United Propane Gas, Inc., and other fictitious defendants. *Id*. In the underlying state court action, Steven Hoge alleges that Southern negligently and/or wantonly failed to properly service his parents' heating, ventilation, and air conditioning system ("HVAC") resulting in the release of dangerous levels of carbon monoxide and the deaths of Carl and Mary Hoge. (Doc. 1). National Trust Insurance Company ("National"), the commercial

general liability insurer for Southern, filed this declaratory action on February 13, 2019, asking this Court to determine that their insurance policy with Southern excludes coverage for carbon monoxide as a pollutant under the policy's pollution exclusion.[1] More specifically, National is requesting this Court to determine that carbon monoxide is a pollutant, excluded under its policy, and that it has no duty to defend and indemnify Southern in the underlying state court action.

Defendant Hoge filed this motion to abstain pursuant to Rule 12(b)(1), Fed. R. Civ. P. (Doc. 10.) Hoge contends that this Court should abstain from entertaining this action pursuant to the principles of federal judicial discretion in declaratory judgment actions, as outlined in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), commonly termed as the "*Brillhart-Wilton* Doctrine." (Doc. 10). In opposition, National argues that these same principles weigh against abstention. (Doc. 18). The parties presented oral arguments on June 11, 2019. Upon consideration of the pleadings, briefs, and arguments of counsel and for the reasons stated herein, the Court concludes that Defendant's motion is due to be granted.

---

[1] National's insurance policy and endorsement both provide an exclusion for bodily injury or property damage "arising out of the actual, alleged or threatened discharge, disbursal, seepage, migration, release or escape of 'pollutants'. . .'[p]ollutants' mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." (Doc. 1, p. 7-8).

## I. STANDARD OF REVIEW

The Eleventh Circuit has held that this Court's jurisdiction under the Declaratory Judgment Act[2] is discretionary if there is a pending action in state court. *Ameritas Variable Life Insurance Company v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).[3] This subject was first addressed in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) where the Supreme Court remanded a district court's decision to abstain for the court's failure properly support its decision by conducting an analysis of a pending state court action. The concern was that:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart*, 316 U.S. at 495. The underlying issue in *Brillhart* was whether a reinsurer could be garnished under Missouri State Law for collection of a default judgment where the reinsurer was not a party to the original action that yielded the judgment. The Court explained that the analysis of a pending separate state action should include:

> Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding

---

[2] 28 U.S.C. § 2201(a).
[3] This decision is based upon two pinnacle U.S. Supreme Court decisions: *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

> pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Id*. at 495.

In *Wilton v. Seven Falls Co*., 515 U.S. 277 (1995), the Supreme Court upheld a district court's abstention in a declaratory judgment action filed by an insurer after a state court verdict where it had refused to defend or indemnify in the state court action. The court in *Wilton* declined to apply the "exceptional circumstances" test that had developed from *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). *Wilton*, 515 U.S. at 277. This test called for abstention only when there were "exceptional circumstances" and gave district courts little or no discretion to justify staying or dismissing federal declaratory judgment proceedings. The court's reasoning was partially based upon the fact that "[n]either *Colorado River*, which upheld the dismissal of federal proceedings, nor *Moses H. Cone*, which did not, dealt with actions brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). . ." *Id.* at 286. The key in *Wilton* was the discretionary language of the Declaratory Judgment Act; that a court "*may* declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a). *Id.* at 286 (emphasis in original).

4

The Eleventh Circuit in *Ameritas* basically used the analysis in *Brillhart* and *Wilton* and crafted nine (9) factors that should be considered by a court in deciding whether or not to abstain. *Ameritas*, 411 F.3d at 1330. Recently, in *Wesco Ins. Co.* Judge Proctor explained:

> "[T]he Declaratory Judgment Act is properly 'understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.' " *Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1233 (S.D. Ala. 2006) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "[C]ourts in this Circuit have long recognized that they have discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties[,]' " i.e., where a parallel state court action exists. *State Farm Fire and Cas. Co. v. Knight*, 2010 WL 551262, *2 (S.D. Ala. 2010) (citation omitted); *Pennsylvania National Mutual Cas. Ins., Co. v. King*, 2012 WL 280656 (S.D. Ala. 2012). The Eleventh Circuit has observed that the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). "'The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum.' " *Lexington Ins. Co.*, 434 F.Supp.2d at 1233 (quoting *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir. 2000)).

*Wesco Ins. Co. v. S. Mgmt. Servs., Inc.*, No. 2:16-CV-1955-RDP, 2017 WL 1354873, at 1 (N.D. Ala. April 13, 2017). Nonetheless, this Court's ability to abstain is not absolute and must involve consideration of numerous factors to ensure the "traditional concepts of federalism, efficiency, and comity." *Ameritas*, 411 F.3d at 1332. *Ameritas* provides the following factors for consideration in "balancing the state and federal interests[:]"

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331 (quotations in original and alteration supplied). However, the court in *Ameritas* cautioned that "[o]ur list is neither absolute nor is any one factor controlling; these are merely guide-posts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id.* (alteration supplied).

## II. ISSUES

Both parties at oral argument agreed that this action presents an issue that has not been conclusively determined under Alabama law, i.e., whether carbon monoxide falls within the "pollution exclusion" as found in the existing commercial insurance contract.[4] Both also agreed that this exclusion is found in a substantial number of other commercial liability policies. Southern and Hoge argued that a central issue to the question of coverage will involve a determination of the placement of the fire within the furnace, i.e., whether the fire inside the furnace was improperly aligned and burning in the wrong location thereby evoking the "hostile fire" exception to the pollution exclusion. (Doc. 10-2, p. 4). In the subject insurance contract "hostile fire" is defined as ". . . one which becomes uncontrollable or breaks out from where it was intended to be." (Doc. 10-2, p. 3). This exception generally precludes application of the pollution exclusion to injuries (including death) which arise from heat, smoke or fumes from the "hostile fire." (Doc. 10-2, p. 4). Further, Hoge argues that this technical determination is paramount in both this case and the state action, that it will require extensive expert testimony, that it could result in duplicate presentations of evidence along with possible differing expert standards, and could cause inconsistent rulings along with a race to res judicata. Last, Hoge argues that this issue should be decided by the state court where the wrongful death

---

[4] *See* footnote 1.

case is presently pending under the consideration of the *Ameritas* factors.

National did not disagree regarding the similar discovery and evidence issues concerning the technical determination surrounding the "hostile fire" exception. It argues, however, that presentation of the issues in state court could produce confusion between coverage and liability issues. Further, it contends that this action and the state court action are not parallel and that upon such a determination, the Court need not consider the *Ameritas* factors. Generally, National argues that it is appropriate for this Court to hear this case because other federal courts have decided whether certain items were excluded pollutants outside of a definitive determination by the Alabama Supreme Court. Both parties agree that the underlying issues could be determined by the state court either within the same wrongful-death action or in a separate declaratory judgement action.

### III. DISCUSSION

National Trust and Hodge agree that the *Brillhart-Wilton* doctrine and the *Ameritas* factors control this Court's jurisdictional determination. National asserts that the Court must determine first whether the current federal action is sufficiently parallel to the pending state court action; that if they are not parallel, the Court should forego consideration of the remaining *Ameritas* factors, accept jurisdiction, and deny abstention. To the contrary, Hoge contends that parallelism is not an absolute deciding factor and that a determination regarding parallelism does not preclude this

Court's duty to consider the *Ameritas* factors. Likewise, Hoge contends that parallelism is not restricted simply to the participation of the same exact parties to each action.

In *First Mercury* our Circuit addressed the application of the *Ameritas* factors as related to parallel actions holding that:

> Although in *Ameritas*, we reviewed the district court's discretionary dismissal of a federal declaratory judgment action in the face of a parallel state proceeding—one involving substantially the same parties and substantially the same issues [footnote omitted]—we have never held that the *Ameritas* factors apply only when reviewing parallel actions. Indeed, nothing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues. Rather, the district court must weigh all relevant factors in this case, even though the state and federal actions were not parallel.

*First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016). Thus, parallelism is a necessary factor, but not determinative of this Court's duty to consider the factors as outlined in *Ameritas*. In support, National claims that the present declaratory judgment action and the underlying state action are not parallel since it is not a party to the underlying state action, and this fact alone should weigh heavily against abstention.[5] However, National has not cited any authority by the Eleventh Circuit that has determined the exact parameters of parallelism or the weight that must be given in this determination.

---

[5] National filed a motion to intervene for the limited purpose of requesting a stay of the state court action following the filing of the present federal declaratory action. (Doc. 10-3 p. 1).

Thus, we know that parallelism is not solely determined by the parties to an action. *First Mercury Ins.*, 648 F. App'x at 866. In the present case, neither party has adequately addressed whether all the necessary parties have been joined in this action. *See Brillhart*, 316 U.S. at 495. For example, the plaintiff in the underlying state action filed suit against several other defendants that could also be necessary in determining coverage issues; namely, Mountain Air Heating and Cooling and Mike Crawford, its original owner, that was purchased by Southern which it now operates in continuation.[6] The parties here also agree that the factual determinations regarding causation under the "hostile fire" exception will invariably intertwine liability and coverage issues, resulting parallel determination of factual issues. Accordingly, the Court finds that these cases are sufficiently parallel as to the issues raised and will now address the remaining *Ameritas* factors.

First, in brief and at oral argument, National failed to present a cogent argument against the strength of the State of Alabama's interest[7] in having the "issues raised" in this action decided in state court. Essentially, the most notable objection raised by National against state action concerned the possibility of confusing the jury by litigating the coverage and liability issues in the same action.

---

[6] The plaintiff filed the underlying state action against Southern Heating and Cooling, Inc. along with other defendants who are not a party to this action, i.e., Mountain Air, LLC, Mike Crawford d/b/a Mountain Air Heating and Cooling, Tri-State Propane Gas, Inc., United Propane Gas, Inc., and other fictitious defendants. (Doc. 10-1 p. 1).

[7] "(1) the strength of the state's interest in having the *issues raised* in the federal declaratory action decided in the state courts[.]" *Ameritas*, 411 F.3d at 1331 (emphasis added and alteration supplied).

Of course, all parties agree that this concern could easily be remedied by filing a separate state action for declaratory judgment. National's complaint in the present action recognizes that the defendant, insured, and alleged tortfeasor, Southern, is an Alabama Company, the underlying insurance contract was issued in the State of Alabama, the action for wrongful death is based upon Alabama law, and the state action involves the death of two residents of DeKalb County, Alabama. (Doc. 1, p. 2-5.) The Court, therefore, finds that Dekalb County and the State of Alabama both have a compelling interest in determining the issues raised in this action. *See Wesco Ins. Co.,* 2017 WL 1354873, at 4.

Second, both parties are in agreement that any judgment in this federal declaratory action will not settle or resolve the underlying action pending state court.[8] This factor alone runs afoul to Rule 1 of the Federal Rules of Civil Procedure and the Alabama Rules of Civil Procedure, wherein each provide that the rules governing all civil actions[9] "shall be construed, administered, and employed by the court and the parties *to secure the just, speedy, and inexpensive determination* of every action and proceeding." Rule 1, Fed. R. Civ. P. (emphasis added). *See also* Rule 1, Ala. R. Civ. P. Accordingly, the Court finds the second factor to weigh in

---

[8] "(2) whether the judgment in the federal declaratory action would settle the controversy[.]" *Id.* (alteration supplied).
[9] Rule 57 of the Federal Rules of Civil Procedure specifically states that "[t]hese rules [Federal Rules of Civil Procedure] govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Rule 57, Fed. R. Civ. P. (alteration supplied).

favor of abstention and that litigating the issues raised in state court will promote Rule 1, Fed. R. Civ. P.

Third, the Court finds that this action would not serve a useful purpose in clarifying the legal relations at issue.[10] As discussed, due to the possible duplication of fact evidence and witnesses concerning the "hostile fire" exclusion; the interest of the State of Alabama in resolving this dispute; the inability of this Court to completely resolve the issues raised; and the possibility that all proper parties have not been joined, the Court finds that the present declaratory action will not clarify the legal relations at issue.

The fourth factor involves a determination of whether this action is "procedural fencing."[11] It is undisputed that the state action was filed first and that National filed this action prior to filing their motion to intervene in the state court action.[12] (Docs. 1, 10-1, and 10-3). Certainly, such action could possibly be viewed as "procedural fencing." *See, e.g., Metro. Prop. & Cas. Ins. Co. v. Butler*, No. 4:15-CV-01244-JEO, 2016 WL 2939633, at *5 (N.D. Ala. May 20, 2016). However, since no one *Ameritas* factor outweighs the other, the Court will refrain from addressing this issue for it is not necessary for the Court's final analysis.

---

[10] "(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue[.]" *Ameritas*, 411 F.3d at 1331 (alteration supplied).

[11] "(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable[.]" *Id.* at 1331 (alteration supplied).

[12] *See* footnote 5.

12

The fifth and sixth factors involve the consideration of whether the use of a declaratory action would increase the friction between our federal and state courts; whether it would improperly encroach on state jurisdiction; and whether there is a better or more effective remedy. During oral argument, the Court posed this question to both parties. Neither party disputes that for this Court to completely avoid possible friction and inconsistent state and federal action, the pollution exclusion question would have to be certified to the Alabama Supreme Court. Thus, the Court finds that these factors weigh in favor of abstention.

Likewise, the seventh, eighth and ninth factors all weigh in favor of abstention. As discussed, the underlying factual issues are important to an informed resolution of the case. Again, both parties are in agreement that, due to the "hostile fire" exception, they will be presenting duplicative evidence and witnesses in both actions that will certainly bleed over into liability issues. The state court is in a better position to evaluate those factual issues under Alabama Law. The Court finds that there is a "close nexus" between the underlying factual and legal issues and state law and/or public policy and/or the state's interest in resolving the issues raised in this action.

## IV. CONCLUSION

Based upon the foregoing *Ameritas* analysis, the Court asserts its discretion to decline to declare the parties' rights in this action. Accordingly, the Defendant

Hoge's motion to abstain (Doc. 10) is due to be **GRANTED** and the case **DISMISSED** without prejudice. A final order will be entered simultaneously with this memorandum opinion.

      **DONE** and **ORDERED** March 6, 2020.

                                              */s/*
                              **LILES C. BURKE**
                              UNITED STATES DISTRICT JUDGE